UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NATHAN WEEDEN,

    Defendant.

_____/

CASE No. 2:23-CR-07

HON. ROBERT J. JONKER

## ORDER

On June 27, 2023, a grand jury charged Defendant Weeden with conspiracy against rights in violation of 18 U.S.C. § 241 (Count One) and damaging religious property in violation of 18 U.S.C. §§ 247(c), (d)(5) (Count Two). (ECF No. 1). On November 2, 2023, Defendant filed a motion to dismiss Count One of the Indictment, arguing that the document fails to state an offense as a matter of law. (ECF No. 43). In the alternative, Defendant requests the Court order the Government to produce grand jury transcripts for review by the defense. The Government has filed a response in opposition. (ECF No. 47). For the reasons set out below, the Court denies the defense motion.

### MOTION TO DISMISS

*1. Legal Standards*

Federal Rule of Criminal Procedure 7(c)(1) provides that "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" The indictment "need not contain a formal introduction or conclusion." FED. R. CRIM. P. 7(c)(1). An indictment is sufficient if it contains the elements of the offense charged,

fairly informs a defendant of the charged against which he must defend, and enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see also* 1 CHARLES ALAN WRIGHT & ANDREW D. LEIPOLD, FEDERAL PRACTICE AND PROCEDURE, § 124 (5th ed. 2022) ("The foundational requirements of the indictment or information is that it give the defendant fair notice of the charges, which means in part that every element of the charged offenses must be stated."). "The indictment must be read as a whole, accepting the factual allegations as true, and construing those allegations in a practical sense with all the necessary implications." *United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007) (citing *United States v. Reed*, 77 F.3d 139, 140 n.1 (6th Cir. 1996) (en banc)).

Further, "'[a]n indictment will usually be sufficient if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense.'" *Id.* (quoting *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 176 (6th Cir. 1992)). But the statutory language "'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description with which he is charged.'" *Id.* (quoting *Hamling*, 418 U.S. at 117-18).

A district court may hear, by pretrial motion, defenses that can be determined without a trial on the merits. FED. R. CRIM. P. 12(b)(3). "Generally, motions are capable of determination before trial if they raise questions of law rather than fact." *United States v. Jones*, 542 F.2d 661, 664 (6th Cir. 1976). While pretrial motions may challenge the legal sufficiency of an indictment, a motion to dismiss must not be a "summary trial of the evidence." *See United States v. United Memorial Hosp.* No. 1:01-CR-238, 2002 WL 33001119, at *5 (W.D. Mich. July 23, 2002) (Enslen, J.) (quoting *United States v. Marra*, 481 F.2d 1196, 1199-12300 (6th Cir. 1973)). "[W]here the defendant is arguing that as a matter of law the undisputed facts do not constitute the offense

charged in the indictment, the Court is reviewing a question of law, not fact." *United States v. Vertz*, 40 F. App'x 69, 70 (6th Cir. 2002).  "An indictment is sufficient (in the terms of stating an offense[ ]) if it alleges conduct satisfying every element of the charged offense." *United States v. Maddux*, 917 F.3d 437, 443 (6th Cir. 2019) (citing FED. R. CRIM. P. 12(b)(3)(B)(v)).

### 2. Discussion

18 U.S.C. § 241 prohibits a person from conspiring "to injure, oppress, threaten, or intimidate any person in any State . . . in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States." In the ordinary course, to convict a defendant under this statute the government generally must prove: 1) the defendant knowingly agreed with another to injure, oppress, threaten, or intimidate one or more persons; and 2) that in so doing, the defendant intended to hinder, prevent, or interfere with the individual's exercise or enjoyment of a specific right secured by the Constitution or laws of the United States. *See* Criminal Pattern Jury Instruction, § 2.16 *Conspiracy to Deprive Person of Civil Rights* (10th Cir. 2021).[1]

Count One of the Indictment tracks the statute and its elements by alleging that Defendant:

> Knowingly and willfully conspired and agreed . . . to injure, oppress, threatened, and intimidate non-while and Jewish citizens of the United States, including members and guests of the Temple Jacob Synagogue, in the free exercise and enjoyment of the right, secured by the Constitution and laws of the United States, to hold (i.e., to use) real and personal property in the same manner as that right is enjoyed by white citizens, as guaranteed by Title 42 United States Code, Section 1982.

(ECF No. 1, PageID.2).

---

[1] During a status conference in this matter the Court discussed with the parties whether there is also a state actor component to the charge.  As set out in the government brief, the underlying right here is 42 U.S.C. § 1982, which protects against the actions of private citizens.  Accordingly, the charge here contains no state action requirement.  *See Griffin v. Breckenridge*, 403 U.S. 88, 104 (1971).

As the Government points out, indictments charging a Section 241 violation should also identify the underlying right that has allegedly been violated. *See* Gov't Br. 2, 5 ECF No 47, PageID.110, 113 (citing *United States v. Kozminski*, 487 U.S. 931, 940-41 (1988) and *United States v. Rosser*, No. 22-3887, 2023 WL 4080095 (6th Cir. June 20, 2003). The Government has done that here by alleging a violation of a specific underlying right, namely, the right under Section 1982 to "hold . . . real and personal property" in the same way "as is enjoyed by white citizens." The indictment here fully tracks the language of the statute, and the statute fully and unambiguously states all the elements of the offense. This is enough for the indictment to pass muster under Rules 7 and 12.

In arguing for a contrary result, Defendant musters two related arguments. First, Defendant argues that while the Indictment checks "the baseline boxes for a charge under § 241" (ECF No. 44, PageID.99), that is not enough. And in particular Defendant claims that the Indictment fails to set out the specific mens rea necessary to sustain the charge because the facts alleged in the Indictment reflect acts that at most only incidentally deprive a protected group of its civil rights. Defendant secondly contends that the Indictment fails to state an offense because it alleges the purpose of the conspiracy was to "show the strength and cohesion of the "The Base," a multi-state white supremacist organization to which Weeden and his co-conspirators belonged." (ECF No. 1, PageID.2). This purpose is not, in Defendant's view, prohibited by Section 241.

The Court is not persuaded. The Indictment alleges that Defendant "knowingly and willfully conspired and agreed . . . to injure, oppress, threaten, and intimidate [individuals] . . . in the free exercise and enjoyment of" their Section 1982 rights. It goes on to state that "a plan and purpose of the conspiracy was to injure, oppress, threaten, and intimidate persons in their" Section 1982 rights. The Government does not disagree that it will have to prove the specific intent of the

4

conspiracy was to interfere with the identified Section 1982 right. Defendant has identified, at most, a possible jury instruction issue. The Indictment itself properly recites the elements of the statute and puts the Defendant on notice so the case can move forward to trial.

Furthermore, even if the Indictment is read to allege a purpose or motive to promote "the Base," that is not fatal. The Indictment also alleges that "a plan or purpose" of the conspiracy was to injure, oppress, threatened and intimated persons of their Section 1982 rights, which directly tracks the language of the statute. There may have been another purpose too. *See Anderson v. United States*, 417 U.S. 211, 226 (1974) ("A single conspiracy may have several purposes, but if one of them—whether primary or secondary—be the violation of a federal law, the conspiracy is unlawful under federal law."). Moreover, the purpose of promoting "the Base" is not inconsistent with the charged purpose of interfering with the Section 1982 rights of Jewish persons. Defendant is, of course, free to argue to the jury that there was no other objective than to promote the Base, and that the Government's proofs fail on the specific intent to interfere with Section 1982 rights. But that is for the jury to decide, not for the Court in a pretrial motion to dismiss an indictment.

For these reasons, then, the Court denies the motion to dismiss.

### GRAND JURY PROCEEDINGS

In the alternative, Defendant requests the Court order the Government to produce transcripts of grand jury proceedings to permit Defendant to ascertain the legal sufficiency of Count 1. Defendant's request is denied.

"[T]he principle of grand jury secrecy has long been deeply ingrained in American legal jurisprudence." *In re Grand Jury 89-4-72*, 932 F.2d 481, 483 (6th Cir. 1991). "Rule 6(e)(2) of Fed. R. Crim. P. codifies the common law rule prohibiting the disclosure of any matters occurring before the grand jury." *Id.* Indeed "[a] grand jury investigation, from the testimony of witnesses,

5

to the review of documentary evidence, to the prosecutor's advice and recommendation on who to indict and for what, take place behind closed doors, free from scrutiny by the public, the press, the court, and even the defendant and defense counsel." 1 CHARLES ALAN WRIGHT & ANDREW D. LEIPOLD, CRIMINAL: FEDERAL PRACTICE & PROCEDURE § 106 (4th ed. 2008). The general rule of secrecy does have some limited exceptions, and they are set out in Rule 6(e)(3). Of these, only Rules 6(e)(3)(E)(i) and (ii) possibly apply to requests from defendants. *See United States v. Shields*, No. 04-20254, 2009 WL 10714752, at *1 (W.D. Tenn. Aug. 17, 2009).

The first exception, Rule 6(e)(3)(E)(i), permits a court to authorize disclosure of a grand jury matter that is "primarily to or in connection with a judicial proceeding." *Id.* Courts, however, are split on whether Rule 6(e)(3)(E)(i) is available to defendants. *See id.*; *see also* WRIGHT & LEIPOLD, *supra*, at § 108 ("[I]t is not entirely clear that a defendant may proceed under [Rule 6(e)(3)(E)(i)] in connection with his or her criminal case[.]"). The second exception found in Rule 6(e)(3)(E)(ii) permits a reviewing court to authorize disclosure of a grand jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." *Id.*

In the Sixth Circuit, the party requesting disclosure must show a "compelling necessity for the material—that is, (a) the material sought will prevent a possible injustice, (b) the need for disclosure outweighs the need for secrecy, and (c) the request is narrowly tailored to provide only material so needed." *FDIC v. Ernst & Whinney*, 921 F.2d 83, 86 (6th Cir. 1990)." *See also Shields*, 2009 WL 10714752, at *1 (noting that under both Rule (6)(e)(3)(E)(i) and (ii), the defendant must demonstrate a "particularized need" for the materials to be obtained."). "Where a particularized need for disclosure has been demonstrated, a district court that is properly seized of the question

6

is given wide discretion to decide whether it is the need for secrecy that predominates, or the need for disclosure." *In re Grand Jury Proceedings*, 841 F.2d 1264, 1268-69 (6th Cir. 1988).

Defendant has not made the requisite showing here. In his motion, and accompanying brief, Defendant requests the transcripts of the Grand Jury proceedings to test whether the government's theory of the case lines up with his view of what the statute requires. This fails to satisfy the rigorous standard that must be met in order to fall within one of the exceptions to the general rule of secrecy. Trial is the appropriate place for Defendant to argue the government failed to prove beyond a reasonable doubt all the elements of the charged crimes, and to test the sufficiency of the government's evidence in a Rule 29 motion.

Defendant's request for grand jury transcripts is accordingly denied.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that Defendant's Motion (ECF No. 43) is **DENIED.**


Dated:   December 11, 2023                /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          UNITED STATES DISTRICT JUDGE